# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § CRIMINAL ACTION NO. 4:20-CR- |
| | § 00329-SDJ-AGD |
| ROBERT JACKSON | § |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the court is the request for revocation of Defendant Robert Jackson's supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on November 16, 2023, to determine whether Defendant violated his supervised release. Defendant was represented by Michael Pannitto of the Federal Public Defender's Office. The Government was represented by Stevan Buys.

Defendant was sentenced on January 20, 2022, before The Honorable Sean D. Jordan, of the Eastern District of Texas after pleading guilty to the offenses of Possession of Stolen Mail in violation of 18 U.S.C. § 1708 (Count 1: Class D Felony), and Securities of the State and Private Entities in violation of 8 U.S.C. § 513(a), (Count 2: Class C Felony). These offenses carried statutory maximum imprisonment terms of 5 years and 10 years, respectively. The guideline imprisonment range, based on a total offense level of 10 and a criminal history category range of V, was 21 to 27 months. Defendant was subsequently sentenced to 24 months imprisonment on each Count to run concurrently, followed by concurrent 3-year terms of supervised release on each Count, subject to the standard conditions of release, plus special conditions to include financial disclosure, drug testing and treatment, and a $200 special assessment. On March 28, 2022, Defendant completed his period of imprisonment and began service of the supervision term.

On January 19, 2023, the United States Probation Officer executed a Petition for Warrant or

Summons for Offender Under Supervision (Dkt. #47, Sealed). The Petition asserts that Defendant violated two (2) conditions of supervision, as follows: (1) (mandatory) Defendant shall not commit another federal, state, or local crime; and (2) (special condition) Defendant must reside in a residential reentry center or similar facility, in a prerelease component for a period of 180 days to commence immediately. Defendant must abide by the rules and regulations of the center. Should Defendant obtain a residence approved by the probation officer during the 180-day placement, Defendant shall be released. The Petition alleges that Defendant committed the following acts: (1) On or about December 23, 2022, Defendant was arrested by the Crandall Police Department for committing the offenses of Possession of Drug Paraphernalia, Driving While License Suspended, Prohibited Substance in a Correctional Facility, and Tampering with Physical Evidence with Intent to Impair. Per the offense report, upon a traffic stop due to Defendant operating a vehicle with illegible plates, it was determined that Defendant was committing the offense of Driving While License Suspended. Additionally, two used syringe needles were located in the passenger seat of the vehicle. Upon being removed from the police officer's vehicle to be transported inside the Kaufman County Sheriff's Office, a crystal white substance was observed smeared in the seat where Defendant was seated, as well as on his hand; the substance was later tested and confirmed as methamphetamine. As this act occurred prior to Defendant being taken inside the Sheriff's office, the offense of Prohibited Substance in a Correctional Facility was subsequently dismissed. At the time the Petition was prepared, Defendant was in the custody of the Kaufman County Jail in Kaufman, Texas, on a $15,000 bond; and (2) On October 5, 2022, Volunteers of America Residential Reentry Center Case Manager Santina DeMartini called to inform the probation officer that Defendant was being unsuccessfully discharged from facility placement, as upon normal search of his person, a glass pipe (drug paraphernalia) was found in Defendant's physical possession.

      Prior to the Government putting on its case, Defendant entered a plea of true to allegations 1

REPORT AND RECOMMENDATION – Page 2

and 2 of the Petition. Having considered the Petition and the plea of true to allegations 1 and 2, the court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

### **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of imprisonment of eighteen (18) months with no term of supervised release to follow. The court also recommends that Defendant be housed in the Bureau of Prisons facility in Fort Worth, Texas, if appropriate.

**SIGNED this 1st day of January, 2024.**

AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE